CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 26 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARCUS D. YOUNG, | ) | CASE NO. 7:11CV00352 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Marcus D. Young, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that while he has been incarcerated at Marion Correctional Treatment Center (MCTC) for many years, officials have experimented on him with "all kinds of psychic drugs and medicine." He seeks monetary damages for the unidentified harm he has suffered from their actions.[1] Upon consideration of the complaint, the court finds that this action must be dismissed without prejudice, because it is clear from the face of the complaint that plaintiff did not exhaust administrative remedies before filing this action, as required under 42 U.S.C. § 1997e(a), and he has not named a defendant subject to suit under § 1983.

I

The Prison Litigation Reform Act ("PLRA") provides, among other things, that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. Nussle v. Porter, 534 U.S. 516, 524 (2002). This exhaustion

---

[1] Young also asserts that he is innocent of the first degree murder offense on which he stands convicted and confined. If he seeks to challenge the validity of his confinement under a state court judgment, he may do so in this court only by filing a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after having first presented his claims to the highest state court for adjudication. See Preiser v. Rodriguez, 411 U.S. 475 (1973). Because Young offers no indication that he has exhausted state court remedies regarding the validity of his confinement pursuant to his conviction, the court will not construe his current submissions as a § 2254 petition.

requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . whether they allege excessive force or some other wrong," and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Id. To comply with § 1997e(a), an inmate must follow each step of the established administrative procedure that the state provides to prisoners and meet all deadlines within that procedure before filing his § 1983 action. See Woodford v. Ngo, 548 U.S. 81, 90-94 (2006).

On the face of his complaint, Young admits that he did not file any grievances regarding the claims raised in his § 1983 complaint. He also submitted a verified statement form on which he checked two of the three options, indicating that the prison where he is housed has no grievance procedure and that he is still housed at the prison where the alleged violations occurred.

The court takes judicial notice of the fact that as a prison facility operated by the Virginia Department of Corrections (VDOC), MCTC has an established administrative remedies procedure for inmates to use, one step of which is filing a grievance. Young, however, admits that he has not filed any grievance concerning his current claims. Thus, it is clear from Young's submissions that he did not comply with the exhaustion provision of § 1997e(a) as required before filing this lawsuit. Accordingly, the court must dismiss his complaint without prejudice for noncompliance with § 1997e(a).

II

In the alternative, the court will dismiss this complaint under 28 U.S.C. § 1915A(b)(1) for failure to state any actionable claim. To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color

2

of state law. West v. Atkins, 487 U.S. 42 (1988). It is now well settled that state agencies, such as the department of corrections, are considered to be "arms" of the state that are not "persons" subject to suit under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The only defendant Young names is the VDOC. He cannot prevail in a § 1983 claim against this defendant, and therefore, his complaint must be dismissed.

For the reasons stated, the court dismisses Young's complaint without prejudice, pursuant to § 1997e(a), for failure to exhaust administrative remedies, and pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of July, 2011.

Chief United States District Judge